**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Royal MITCHELL a/k/a Roy Mitchell (78–5296), Chester Generette (78–5297), Defendants-Appellants.**

Nos. 78-5296, 78-5297.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 12, 1978.

Decided Jan. 29, 1979.

Michael B. Kay, Memphis, Tenn. (Court-appointed) for defendant-appellant Mitchell.

W. J. Michael Cody, U. S. Atty., Timothy R. DiScenza, Memphis, Tenn., for plaintiff-appellee.

Stephen B. Shankman, Asst. Public Defender, Memphis, Tenn., for defendant-appellant Generette.

Before EDWARDS, Chief Judge, and ENGEL and MERRITT, Circuit Judges.

MERRITT, Circuit Judge.

Defendants, Mitchell and Generette, appeal their jury convictions for unarmed bank robbery in violation of 18 U.S.C. § 2113(a) (1976). The basis of defendants' challenge to their convictions is the district court's failure to grant a mistrial because of two separate instances of juror "contact" with one of the defendants. They also challenge the district court's procedure for determining the effect of the "contact" on the two individual jurors. We affirm.

In the first instance, one of the jurors after the trial commenced said to a marshal that he might have seen a newspaper photograph of one of the defendants prior to trial. Without objection, the district judge conducted an *in camera* conference with the juror in chambers without counsel or court reporter. Defendants expressly agreed that the judge should conduct the interview without counsel, but there was no discussion concerning the court reporter. The judge then related details of the interview to counsel for both sides. The juror was excused and replaced with an alternate, although it was apparent that the juror was mistaken. The district judge also determined that the other jurors had no knowledge of this juror's "contact."

A second juror, during a trial recess, prepared to enter an elevator on which one of the defendants was riding; the defendant asked the juror if she were afraid to ride with him; the juror retreated and did not ride the elevator. The juror mentioned this incident to other jurors. As in the first instance, the district judge again conducted an *in camera* conference with the juror without counsel or court reporter, and without objection by defense counsel. After

summarizing the interview for all counsel, the judge questioned the jury as a group. Having determined that all jurors believed he or she could decide the case fairly and impartially, the court declined to excuse anyone and overruled defendants' motion for a mistrial.

Both defendants contend that their motions for mistrial should have been granted because of these two juror contacts. Alternatively they argue that the district court should have had the court reporter preserve a record of the interview for appellate review.

It appears from the record that the district judge suggested that he interview each juror informally in order to allow him to evaluate with greater accuracy the impact of the contact on the individual juror. The district judge's purpose apparently was to create an environment in which the juror would be frank and not feel constrained by the formal courtroom setting or the presence of other people. Although a defendant has a right to a record of such interrogations of jurors in order to preserve questions for appellate review, *United States v. Gay*, 522 F.2d 429, 435 (6th Cir. 1975); *cf. Rodgers v. United States*, 422 U.S. 35, 95 S.Ct. 2091, 45 L.Ed.2d 1 (1975); *United States v. Brown*, 571 F.2d 980, 985–87 (6th Cir. 1978), here counsel for the defendants consented to the *in camera* interrogation in chambers without counsel. They did not suggest the need for a court reporter, and we believe that they waived their right to a record of the district judge's interview with the juror. Even if defense counsel did not expressly waive recordation, there appears to be no reasonable possibility of error in connection with the unrecorded interview. Finally, we believe beyond a reasonable doubt that no harm occurred as a result. Rule 52(a), Fed.R.Crim.P.

Accordingly, it is ORDERED that the judgment of the district court be, and hereby is, affirmed.